**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| RALPH WAYNE ANGLE, | ) | CASE NO. 4:16 CV 850 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| UNITED STATES, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

*Pro se* Petitioner Ralph Wayne Angle filed the above-captioned Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  Petitioner is incarcerated in FCI Elkton, serving a 300 month sentence from his 1998 conviction in the Northern District of Indiana on charges of attempted receipt of child pornography, possession of child pornography, and attempted solicitation of a minor using the internet and telephone to engage in sexually prohibited activity.  In his Petition, he claims that through sting operations, the government also engages in child pornography crimes, denying him equal protection of the law.  He demands immediate and unconditional release from custody.

## I.  Procedural Background

Petitioner engaged in sexually explicit conversations through the internet with an individual he believed to be a thirteen-year old boy named Jeff.  The boy was actually an adult male, Ted Gross, a Colorado resident who created the thirteen-year old boy persona after viewing his children's internet activities.  Gross reported Petitioner to the FBI when Petitioner began engaging in online sexual chats and messaging with "Jeff."  During these conversations, Petitioner engaged

in grooming activities, offered to buy "Jeff" a camera so he could take pictures of himself, and attempted to solicit "Jeff's" address under the guise of sending him a birthday present. He told "Jeff" he loved him and would come to visit him in Colorado if he had his address.

Following a four day bench trial, Petitioner was convicted of three offenses: attempted receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2); possession of child pornography in violation of 18 U.S.C. § 2252(a)(2), and attempted solicitation of a minor, using the internet and telephone, to engage in sexually prohibited activity in violation of 18 U.S.C. § 2422(b). He was sentenced to 325 months incarceration. He appealed his conviction and sentence on grounds other than those asserted in this Petition. The Seventh Circuit affirmed his conviction but vacated his sentence in 2003. The District Court re-sentenced Petitioner to 300 months.

Petitioner filed a Motion to Vacate his Conviction under 28 U.S.C. § 2255 on May 16, 2011. Two weeks later, he filed a supplement to his Motion to assert his actual innocence in light of the Seventh Circuit's decision in *United States v. Taylor*, 640 F.3d 255, 256-57 (7th Cir. 2011), which held that § 2422(b) only applies to defendants who engage or who intend to engage in interpersonal physical contact with children. *Id*. at 259-60. Petitioner argued that his sexual chats, alone, no longer qualified as sexual activity under § 2422(b). The District Court for the Northern District of Indiana disagreed, finding in part, that Petitioner was convicted of attempting to violate § 2422(b) and took a substantial step toward committing the offense by repeatedly trying to get the victim's address, even offering to send money or gifts to get it, and indicating he would come to Colorado to meet with the victim. His Motion to Vacate under §2255 was denied on November 22, 2013. He appealed that decision to the United States Seventh Circuit Court of Appeals, the same court that issued the *Taylor* decision. The Appellate Court denied his request for a certificate of appealability

and dismissed his appeal.  The Supreme Court of the United States denied his Petition for a Writ of Certiorari on October 20, 2014.

Undeterred, Petitioner filed two more Motions to Vacate under 28 U.S.C. § 2255.  *See Angle v. United States*, No. 2:15 CV 333 (N.D. Ind. Sept. 1, 2015)(Moody, J.); *See Angle v. United States*, No. 2:14 CV 414 (N.D. Ind. Nov. 12, 2014)(Moody, J.).  Both cases were dismissed as successive Petitions.

## II.    Habeas Petitions

In 2014, Petitioner filed his first Petition for a Writ of Habeas Corpus in this District Court under 28 U.S.C. § 2241 asserting he was entitled to relief under *Taylor*.  That case, No. 4:14 CV 2502, was assigned to United States District Judge James G. Carr.  On June 11, 2015, Judge Carr denied the Petition and dismissed the action, stating Petitioner could not raise that claim in a § 2241 Petition because he had previously raised it in his timely direct appeal and in a Motion to Vacate under 28 U.S.C. § 2255.  He did not have a remedy under § 2241 simply because his attempts to obtain relief for his claim under §2255 were unsuccessful.

Before Judge Carr issued his decision on that Petition, Petitioner filed an "Emergency Petition" under § 2241 in that same case, No. 4:14 CV 2502, asserting an entirely new legal theory for his release from prison.  In that Emergency Petition, he claimed that in 1998, he was sentenced to terms of imprisonment beyond the statutory limits in place at the time of his conviction.  He argued that he had just noticed that the United States District Court for the Northern District of Indiana misread the statutes under which he was convicted, and exceeded the statutory maximum when it sentenced him in 1998 and in 2003.  He once again demanded immediate and unconditional release from custody.

-3-

Judge Carr addressed the Emergency Petition, stating his new claim was clearly a challenge to his sentence and could only be brought in a § 2255 Motion to Vacate unless it fit within the safety valve provision of § 2255.  Judge Carr held that the safety valve provision did not apply because he could and should have raised this claim on direct appeal or in his § 2255 Motion to Vacate. Petitioner was not entitled to litigate this claim under § 2241 simply because he did not think to assert it until now.  *See Angle v. United States*, No. 4:14 CV 2502 (N.D. Ohio June 11, 2015)(ECF No. 11).

Ten days after filing his Emergency Petition in the case pending before Judge Carr, Petitioner filed a second Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2241.  That case, No. 4:15 CV 1291 was assigned to United States District Court Judge Patricia A. Gaughan.  *See Angle v. United States*, No. 4:15 CV 1291 (N.D. Ohio Aug. 24, 2015).  He once again claimed the United States District Court for the Northern District of Indiana misread the statutes under which he was convicted, and exceeded the statutory maximum when it sentenced him in 1998 and in 2003.  On August 24, 2015, Judge Gaughan denied the Petition and dismissed the action, stating that Petitioner cannot attack his sentence in a § 2241 Petition.  He could only proceed with those claims on direct appeal or in a § 2255 Motion to Vacate.

Petitioner has now filed his third Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.  His assertion in this Petition is that by operating undercover sting operations to bring down those who traffic in child pornography, the government also solicits child pornography and therefore his conviction must be vacated.  He contends unless government agents are also prosecuted, his conviction is a denial of equal protection.

**III.  Standard of Review**

-4-

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'"  *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)).  Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel.  *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).  However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief.  *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243)

## IV.   Discussion

A federal prisoner must challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).  A habeas corpus petition under §2241 may be used by a federal prisoner only to challenge the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility.  *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Each of these statutes provides its own type of relief, and for this reason, they are not interchangeable.

Section 2255(e) provides a narrow exception to this rule, permitting a prisoner to challenge the legality of his conviction through a § 2241 petition, where his remedy under § 2255 is or was

-5-

"inadequate or ineffective" to test the legality of his detention. A prisoner may take advantage of this provision only when, after his conviction has become final, the Supreme Court re-interprets the terms of the statute under which Petitioner was convicted, and by this interpretation excludes Petitioner's actions as a violation of the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241"). This exception does not apply where the Petitioner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, whether by direct appeal or by Motion under Section 2255, or where he did assert his claim in an earlier Motion under Section 2255 and was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). Actual innocence means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998). To invoke the savings clause, Petitioner therefore must demonstrate: (1) the existence of a new interpretation of statutory law; (2) issued after Petitioner had sufficient time to incorporate the new interpretation into his direct appeals or subsequent motions; (3) which is retroactive; and (4) which applies to the merits of the Petition to make it more likely than not no reasonable juror would have convicted him. *Wooten v. Cauley*, 677 F.3d 303, 307–08 (6th Cir. 2012).

Here, Petitioner contends he should be able to contest his conviction under the safety valve provision because he has already attempted to pursue relief under 28 U.S.C. § 2255 and is now barred from filing a fourth successive Motion to Vacate. Being denied relief under 28 U.S.C. § 2255 does not open the doors to relief under § 2241. Petitioner has not demonstrated that an intervening change in the law occurred after his time to file a direct appeal or § 2255 motion expired, that no longer makes trafficking in child pornography a crime. Instead, he came up with a new legal theory

under preexisting law to attack his conviction by claiming that unless government agents participating in sting operations are prosecuted, his conviction results in a denial of equal protection. The savings clause does not apply to this case and Petitioner cannot challenge his conviction or sentence under 28 U.S.C. § 2241.  *Charles*, 180 F.3d at 756.

## IV.   Conclusion

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed pursuant to 28 U.S.C. § 2243.   This Court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


*/s/ John R. Adams*
_____
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE